Filed 10/17/14  In re M.O. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.O. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E060727 |
| Plaintiff and Respondent, | (Super.Ct.No. INJ1100663) |
| v. | OPINION |
| A.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Gregory P. Priamos, County Counsel, and Carole A. Nunes Fong, Deputy County Counsel, for Plaintiff and Respondent.

1

M.O. (born 2001), A.O. (born 2003), A.O.O. (born 2006), and A.B.O. (born 2008) (collectively minors) came to the attention of plaintiff and respondent the Riverside County Department of Public Social Services (the department) after the receipt of three immediate response referrals between December 7, and December 9, 2011, regarding allegations of physical abuse and general neglect. The juvenile court detained and later removed minors from defendant and appellant A.P.'s (mother) custody.[1]

After 18 months of reunification services, the juvenile court terminated mother's services and scheduled the Welfare and Institutions Code section 366.26 hearing.[2] At the section 366.26 hearing, the court denied mother's request for a 30-day extension to file a section 388 petition. The court then terminated mother's parental rights. On appeal, mother contends the juvenile court abused its discretion by denying her request for a continuance. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2011, the department received an immediate response referral alleging physical abuse. It was reported that A.O.O. said his back hurt. He pulled up his shirt and showed the reporter a thick, long scab across the lower part of his back. There were six scars across the bottom of A.O.O.'s lower back. He said he received the wounds

---

[1] Father is not a party to the appeal.

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

from his mother hitting him. The reporting party noted scabs on A.O.O.'s face too. On December 9, 2011, the department received two separate immediate response referrals with allegations of general neglect. A.O.O. had a burn mark on his left ear. He reported that his brother M.O. burned him with a lighter.

Mother admitted using methamphetamine, alcohol, and marijuana. She tested positive for both methamphetamine and marijuana. Mother, then 35 years old, had a long history of substance abuse starting when she was 12. Mother had previously entered, but failed to complete substance abuse treatment programs.

Mother had a department history which included six prior investigations for issues such as general neglect, physical abuse, and caretaker absence: two were substantiated, three determined unfounded, and one found inconclusive. Mother had a restraining order against father for beating her, which prohibited father from contacting mother or minors; however, mother allowed minors to visit with father frequently. Mother lived with her 17-year-old boyfriend who was a ward of the court, on probation, a gang member, and had multiple arrests for violent offenses. The home was filthy and had no refrigerator or stove.

The department took minors into protective custody. On December 13, 2011, the department filed a juvenile dependency petition. On December 14, 2011, the juvenile court detained minors.

In the January 4, 2012, jurisdiction and disposition report, the social worker noted that on the day minors were taken into custody, mother had signed a safety plan stating

she would start attending family preservation court; however, in an interview on December 19, 2011, mother said she never began the program. On December 20, 2011, the social worker made an unannounced visit to mother's home and found several teenage boys with gang clothing and tattoos.

On February 15, 2012, the court found the allegations in the petition true, sustained the petition, and removed minors from mother's custody. The court ordered reunification services. In the July 10, 2012, status review report, the social worker reported all four minors were placed with the maternal grandmother (MGM) on March 19, 2012. The social worker noted M.O. was frightened to return to mother's care, A.O.O. missed mother, and A.B.O. "really misses" mother. Mother visited on a regular basis.

Mother had been referred to a parenting class, but never signed up. The social worker referred mother to a substance abuse treatment program, but mother left the program within a week. Mother had enrolled in family preservation classes, but was terminated for lack of attendance. Mother had since reenrolled and was making progress. Mother admitted using methamphetamine on or about March 5, 2012.

On March 13, 2012, the social worker referred mother to a mental health, substance abuse treatment program (MOMs); however, mother was terminated for lack of attendance. The department requested court authorization for unsupervised overnight visits due to the length of time it took mother to reach MGM's home.

4

On August 24, 2012, the juvenile court authorized the requested visitation arrangements and continued reunification services. In the October 31, 2012, interim review report, the social worker reported that M.O. wanted to stay with MGM. A.O. was upset because mother was not doing what was necessary to get custody of minors back. The younger minors missed mother. Mother had dropped out of MOMs again and admitted she had not stopped using methamphetamine and marijuana. Despite the court-ordered expanded visitation, mother had not engaged in overnight visitation with minors and had only visited with minors once during the preceding two months.

In the status review report dated January 24, 2013, the social worker noted mother had moved into a residential drug treatment program one week earlier. Mother admitted she had continued to use methamphetamine. Mother obtained a copy of a certificate indicating she had completed eight sessions of a parenting class in August 2012; however, the program indicated her participation had been off and on. Mother did not visit with minors at all in November and December 2012. In an addendum report dated March 19, 2013, the social worker reported mother admitted she could not complete a hair follicle test on March 4, 2013, because she had used methamphetamine a few days earlier. Mother had subsequently entered a one-year sober living facility.

On March 22, 2013, the juvenile court continued mother's reunification services. In the June 21, 2013, status review report, the social worker noted mother had not visited minors for a month: "[M]other's visits have been inconsistent, and the last visit was in May, 2013. The visit was very upsetting to the children, as they are old enough to see

5

that she has not made any attempts to get" them back. Mother left the sober living facility after a week. She continued to use methamphetamine. M.O. wanted to be adopted by MGM. A.O. did not want to be returned to mother. The younger minors still wanted to go back to mother. The August 1, 2013, addendum report reflected mother was now five months pregnant.

At the hearing on September 11, 2013, the department informed the court, "The children have indicated they want to stay where they are at, and the grandmother has indicated that she wishes to adopt." The court terminated reunification services and set the section 366.26 hearing.

In the December 24, 2013, report the social worker reported mother had visited minors once monthly, as permitted. The social worker observed, "The children have been in the home for two years and have stated their desire to remain in their grandmother's care. The children, [M.O.] and [A.O.], have stated they do not wish to return to the care of their mother. [A.O.O.] has stated he wants to remain with his siblings and [A.B.O.] would like to return to her mother's care but ultimately wants to be with her brothers. The children appear to be happy and are doing well in the grandmother's home."

At the January 10, 2014, hearing, mother requested a 30-day continuance to file a section 388 petition. The court noted, "These hearings were set on September 11[, 2013]. The request to continue is denied." The court found minors adoptable and terminated mother's parental rights.

6

DISCUSSION

Mother contends the juvenile court abused its discretion by denying her request for a continuance. We disagree.

"[N]o continuance shall be granted that is contrary to the interest of the minor. In considering the minor's interests, the court shall give substantial weight to a minor's need for prompt resolution of his or her custody status, the need to provide children with stable environments, and the damage to a minor of prolonged temporary placements." (§ 352, subd. (a).) "In order to obtain a motion for a continuance of the hearing, written notice shall be filed at least two court days prior to the date set for hearing, together with affidavits or declarations detailing specific facts showing that a continuance is necessary, unless the court for good cause entertains an oral motion for continuance." (§ 352, subd. (a).)

"Continuances are discouraged in dependency cases. [Citation.]" (*In re Giovanni F.* (2010) 184 Cal.App.4th 594, 604.) "We review the denial of a continuance for abuse of discretion. [Citation.]" (*Id.* at p. 605.)

Here, mother failed to provide the statutorily required two-day notice setting forth the facts as to why a continuance was necessary. Moreover, mother failed to establish good cause for the continuance at the hearing. The hearing had been set four months earlier, giving mother plenty of time to file a motion for a continuance or even a section 388 petition itself. At the time of the hearing, minors had been living with MGM for nearly two years. Minors felt "very stable and secure living with" MGM. Minors had

been out of mother's custody for over two years.  The juvenile court acted within its discretion in denying mother's request for a continuance.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.